# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| JOSEPH R. BARNTHOUSE, M.D. and DOROTHY BARNTHOUSE, | ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No.: 2:08-CV-2546-PMD |
| v. | ) ) | **ORDER** |
| WILD DUNES RESORT, L.L.C., DESTINATION HOTELS AND RESORTS, INC., and LOWE ENTERPRISES, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court upon Plaintiffs Joseph R. Barnthouse, M.D. and Dorothy Barnthouse's ("Plaintiffs") Motion in Limine to exclude or in the alternative to limit the testimony of D. Vincent Rhodes, M.D. Additionally, before the court, is Defendants Wild Dunes Resort, L.L.C., Destination Hotels and Resorts, Inc., and Lowe Enterprises, Inc.'s ("Defendants") Motion in Limine to exclude the testimony of Nancy Groh. For the following reasons, the court grants Plaintiffs' motion and denies Defendants' motion.

## BACKGROUND

Plaintiffs' brought this negligence action for personal injuries and loss of consortium arising out of a hot stone massage treatment that Plaintiff Joseph Barnthouse received while staying at the Wild Dunes Resort on July 25, 2005. According to the allegations in the Complaint, the massage therapist placed heated stones on various parts of Plaintiff's body. The Complaint alleges that Plaintiff "told the massage therapist that the stones were too hot." The therapist thereafter removed the stones, and then reapplied them. This exchange was repeated two times, and on the third time the therapist allegedly stated that the stones "were supposed to

1

be [hot]." The Complaint alleges that, as a result of the negligent actions of the massage therapist, the hot stones caused third degree burns to the Plaintiff's body, and his wife suffered a loss of consortium.

Before the Court are Plaintiffs' and Defendants' motions in limine to exclude expert testimony. Plaintiffs move the Court to exclude the testimony of D. Vincent Rhodes, M.D. due to the failure of Defendants to timely identify Dr. Rhodes as an expert witness in compliance with the scheduling order of this case and/or because Dr. Rhodes is not qualified to be a expert witness. In the alternative, Plaintiffs request that any testimony of Dr. Rhodes be limited strictly to the scope of his designation by Defendants as an alleged expert qualified in the area of medical billing.

Defendants move the Court to preclude the testimony of Nancy Groh on the grounds that she is not qualified to give expert testimony in this case and/or that her opinions lack reliability and relevance required of them by the Federal Rules of Evidence, *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), and other relevant authority.

## ANALYSIS

**A.** ***Plaintiffs' Motion in Limine to Exclude or in the Alternative to Limit the Testimony of D. Vincent Rhodes, M.D.***

Plaintiffs request the Court grant an Order excluding the testimony of Dr. Rhodes pursuant to Federal Rules of Civil Procedure Rules 26(a)(2)(C) and 37(c)(1), on the grounds that Defendants failed to timely identify Dr. Rhodes as an expert witness in compliance with the scheduling order of this case and/or that that Dr. Rhodes is not qualified to be an expert on medical billing in this case. Alternatively, Plaintiffs request that any testimony of Dr. Rhodes be

limited strictly to the scope of his designation by Defendants as an expert qualified in the area of medical billing practices.

Defendants signed and consented to a (third) Consent Scheduling Order in this matter on August 13, 2009. This Order required Defendants to identify any expert witness that they intended to call at trial by October 14, 2009. Additionally, discovery was to be completed by December 14, 2009. On October 14, 2009, Defendants filed a disclosure of experts stating that they intended to call no expert witnesses. On March 1, 2010, the parties participated in a mediation. According to Plaintiffs, "[i]t was at this juncture that Plaintiffs learned that the Defendants, despite having knowledge of the extent of the injuries suffered and treatment rendered, valued the case drastically differently than the Plaintiffs in large part to not having physical medical bills. Consequently, on March 12, 2010, admittedly outside of the discovery deadline, Plaintiffs produced actual medical bills to the Defendants which merely quantified *the value* of the treatment rendered." Pls's Mem. at 3. On June 4, 2010, Defendants disclosed the identity and anticipated testimony of Dr. Rhodes, a witness Defendants intend to call as an expert to address the reasonableness of the medical bills submitted by Dr. Barnthouse. Plaintiffs were provided with Dr. Rhodes expert report on June 9, 2010.

Plaintiffs argue that Dr. Rhodes should be excluded as an expert because he was not disclosed until eight months after the deadline for designation of experts passed. In addition to the untimely designation, Plaintiffs argue that Dr. Rhodes should be excluded as an expert because he is not qualified.

As to the untimely designation, Rule 26(a)(2)(C) mandates that all expert witness disclosures "shall be made at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(C). Furthermore, if a party fails to comply with the requirements of Rule 26, Rule 37

provides that the testimony of that expert should be limited or excluded, unless such failure to comply is harmless or substantially justified. Fed. R. Civ. P. 37(c)(1).

The Court finds that Defendants' late designation of Dr. Rhodes as an expert in this case was prompted by Plaintiffs' late disclosure of medical bills, which attempted to value the damages associated with Dr. Barnthouse's self-treatment of his injuries. Not only does the Court have concerns about Dr. Barnthouse producing medical bills for treating himself, but because the medical bills were introduced outside of the discovery deadline, the Court excludes the medical bills from evidence in this case. Therefore, as Plaintiffs are excluded from introducing the medical bills relating to Dr. Barnthouse's self-treatment, Dr. Rhodes' testimony is now unnecessary to rebut these medical bills at trial. Thus, the Court holds that Plaintiffs' medical bills introduced outside the discovery deadline and Defendants' expert witness identified outside the expert witness designation deadline are both excluded from evidence at trial.

**B.**     *Defendants' Motion in Limine to Exclude the Testimony of Nancy Groh*

Defendants request the Court grant an Order excluding the testimony of Nancy Groh pursuant to Federal Rule of Evidence 702 on the grounds that (1) she is not qualified to give expert testimony in this case; and (2) her opinions lack the reliability and relevance required of them by the Federal Rules of Evidence.

On July 15, 2009, Plaintiffs filed a designation identifying Nancy Groh as an expert witness expected to participate at trial. Groh's Report indicates that she has been a licensed massage therapist since 1998, and was certified in hot stone massage therapy in 2000 after taking a 40 hour course. According to Groh's report and deposition, she intends to provide testimony that the massage therapist in this case deviated from the acceptable standard of care for massage

therapists and that the temperature of the stones used in the subject massage was in excess of 130 degrees.

Defendants claim that Groh should be excluded as an expert witness considering she (1) issued her opinion on the same day she was initially contacted; (2) bases her opinion entirely on a review of the Complaint and 5 photographs; (3) has undertaken absolutely no independent investigation of this matter; and (4) did not perform any testing or experiments relative to her analysis. More specifically, Defendants first claim that Groh should be excluded from testifying as an expert in this case because she is not qualified as an expert. Defendants claim that Groh does not have the requisite experience or expertise in hot stone massage therapy. According to Groh, she began studying massage therapy in 1998, when she took a 6 month course at the Southeastern School for Neuromuscular and Massage Therapy in Charleston, SC. Groh eventually became licensed through the state licensing board. Groh has also received a Neuromuscular Therapy certification in 2003 and has been certified in hot stone massage since 2000. Since that time, Groh has been performing massages for approximately 15 hours per week. Since 2000, with the exception of three massages, one hundred percent of those massage hours have been hot stone massages. That amounts to approximately 750 hours per year of performing exclusively hot stone massages. However, Defendants argue that Groh's experience and training in hot stone massage therapy does not rise to the level necessary to characterize her as an expert.

Before a witness may be permitted to provide expert testimony, he or she must be qualified as an expert. *Thompson v. Queen City, Inc.,* 2002 WL 32345733 (D.S.C. 200). An expert is one whose opinion is helpful to the trier of fact because the expert draws on some special skill, knowledge, or experience. *Id.* The Court finds that Nancy Groh is qualified as an

expert in hot stone massage therapy. As discussed above, Groh has been a massage therapist since 1998, has passed the National Certification Massage Therapy Exam, is licensed by the State of South Carolina in massage therapy, has taken and continues to take numerous continuing education classes, has been certified in hot stone massage since 2000, and since 2000 has performed over 7500 hours of hot stone massage. Therefore, Groh has the required skill, knowledge, and experience to qualify as an expert in hot stone massage pursuant to Federal Rule of Evidence 702.

Defendant next argues that Groh's testimony is inadmissible because it is not sufficiently "reliable." Rule 702 provides that an expert witness may only testify "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Rule 702 imposes an obligation on the trial judge to ensure that any expert testimony grounded in scientific, technical, or other specialized knowledge "is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 589 (1993); *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 141 (1999). *Daubert* then provides a list of four non-exclusive factors to consider in assessing the reliability of an expert's testimony: (1) whether the expert's theory or technique can be, and has been, tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error when the technique or theory is applied; (4) and whether the theory or technique enjoys "general acceptance" in the relevant community. *Daubert,* 509 U.S. at 593-94. The *Daubert* factors are not exclusive, and the trial judge may consider any factors that speak to the overarching inquiry into the testimony's scientific reliability. *Id.* at 593. "The Supreme Court emphasized in *Daubert* that 'vigorous cross-examination, presentation of contrary evidence, and careful

instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *United States v. Crisp,* 324 F.3d 261, 269-70 (4th Cir. 2003) (*quoting Daubert,* 509 U.S. at 596).

After a review of the pleadings and several photographs, Groh issued her final opinion that the massage therapist deviated from the standard of care "based on [her] review of the pleadings as well as the pictures of the burns of [the Plaintiff]. (Groh Report, ¶6.) While the report does not specifically identify the deviations, it appears that Groh is of the opinion that the therapist (1) failed to use a cloth barrier between the skin and stone; (2) ignored the client's complaint about pain and discomfort; and (3) suggested that the "therapist knows best" about what level of pain or discomfort should be tolerated. (Id. ¶ 5-6.) Additionally, during her deposition Groh added several other findings, opining that (1) the stones used by the therapist were in excess of 130 degrees; (2) the therapist was "grossly negligent;" and (3) the therapist was not properly trained or supervised. (Groh Depo., p. 57, lines 3-13; p. 66, lines 23-25; p. 104, lines 9-22.)

Defendants claim that Groh's opinions are not reliable because she has made no independent investigation of the facts of this case. "She did not speak to anyone who observed the massage, did not inquire into what equipment was used, and did not inquire into the therapist's training or supervision. Instead, she relied solely on the allegations in the Complaint and several photographs and issued her opinion after a mere 3 hours of work on the case." Defs's Mem. at 7. Defendants claim that Groh's methodology and techniques in arriving at her opinions are not reliable, and that therefore the Court should exclude Groh's testimony. Defendants claim that Groh's conclusions are "completely arbitrary, [are] not based upon scientific methods, and [are] nothing more than a glorified way of saying 'it is because I say it is

so.'" Id. at 9 (citing *Holesapple v. Barrett,* 5 Fed. Appx. 177, 180 (4th Cir. 2001) ("[I]t still is a requirement that the expert opinion evidence be connected to existing data by something more than the 'it is so because I say it is so' of the expert.").

The Court agrees with Plaintiffs in that Defendants' Motion in Limine does not seem to raise a true *Daubert* challenge to Groh's testimony. "Defendants do not challenge a methodology and do not argue any of the Daubert factors. Moreover, there is no suggestion that Groh's testimony employs any untested or novel technique or theory. Rather, Groh's testimony simply applies her experience in the field of hot stone massage to certain facts of this case. . . . 'where an expert relies on his experience and training and not a particular methodology to reach his conclusion, application of the Daubert [analysis] is unwarranted.'" Pls's Mem. at 6 (citing *Freeman v. Case Corp.,* 118 F.3d 1011, 1016 n.6 (4th Cir. 1997)). Defendants' argument seems to be focused more on the facts upon which Groh bases her opinions. "Specifically, Defendants argue that Groh did not consider sufficient evidence (and did not conduct a sufficient investigation of her own) in reaching her opinions." Id.

However, the Court finds that Groh has reviewed the pleadings in this matter, photographs of Dr. Barnthouse's injuries, and documents produced in discovery. The Court finds that this evidence is sufficient to support Groh's opinions concerning the breach of the standard of care in this case. Specifically, as noted by Plaintiffs, the photographs convey sufficient information to allow Groh, using her expertise and training, to determine that no cloth barrier was used and that the stones were too hot for this procedure. Moreover, the Complaint makes clear that Dr. Barnthouse complained about the heat of the stones and was ignored. These facts, combined with Groh's expertise provided a sufficient factual basis for her opinions. The Court agrees with Plaintiffs in that Defendants' arguments in this case appear to be more proper

as challenges to the weight to be given to Groh's testimony, not its admissibility. "[I]t is not proper for the Court to exclude expert testimony merely because the factual bases for an expert's opinion are weak." Pls's Mem. at 8 (citing *Freeland v. Iridium World Comm., Inc.,* 545 F. Supp. 2d 59, 88 (D.D.C. 2008)). Therefore, the Court finds that Groh is allowed to testify as an expert in this case.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that Plaintiffs' Motion in Limine to exclude or in the alternative to limit the testimony of D. Vincent Rhodes, M.D is **GRANTED**, and Defendants' Motion in Limine to exclude the testimony of Nancy Groh is **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**August 5, 2010**
**Charleston, SC**