# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| JOSEPH R. BARNTHOUSE, M.D. and DOROTHY BARNTHOUSE, | ) ) ) | C.A. No.: 2:08-CV-2546-PMD |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| WILD DUNES RESORT, L.L.C., DESTINATION HOTELS AND RESORTS, INC., and LOWE ENTERPRISES, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

## BACKGROUND

This matter is before the Court of Plaintiffs' motion for costs related to the mediation conducted in this matter. Specifically, Plaintiffs claim they are entitled to costs because the representative of the Defendants' insurer did not physically attend the mediation. Defendants have submitted a memorandum in opposition to Plaintiffs' motion for costs arguing that there was good cause for the lack of physical attendance or that, in the alternative, the Court should have a hearing on the reasonableness of Plaintiffs' claimed expenses.

This is a personal injury action arising out of a hot stone massage treatment of Plaintiff Dr. Joseph Barnthouse, which he received while on vacation at Wild Dunes resort July 25, 2005. According to the Complaint, Dr. Barnthouse sustained burns to his body during the hot stone massage session, and his wife suffered a loss of consortium.

On August 13, 2009, this Court issued a Third Amended Consent Scheduling Order. The Court ordered mediation in this matter to be completed on or before March 1, 2010. The parties scheduled the mediation on March 1, 2010 and agreed to have Thomas J. Wills, IV, serve as their

1

mediator. Prior to mediation, Plaintiffs sought and obtained consent for Plaintiff Dorothy Barnthouse's absence due to conflicts at home. Attending the mediation were Dr. Barnthouse, his attorney, and defense counsel Duke R. Highfield. According to the Defendant, the handling adjuster for the insurance carrier originally planned to attend the mediation in person but later developed a conflict. Defense counsel elected to seek consent for the adjuster to attend via telephone; however, attorney Highfield and his legal assistant claim that each thought the other had secured this consent. However, consent for attendance by phone was not obtained.

Defendants claim, however, that both it and its insurer participated in a mutual, good faith effort to compromise Plaintiffs' claim on March 1, 2010. According to the Affidavit of Duke Highfield, the handling adjuster did participate by phone. Defendants claim that "although she did not listen in on the opening statements, she did have numerous discussions with both defense counsel and mediator Thomas Wills throughout mediation." Ultimately, the parties were unable to reach a compromise.

## **ANALYSIS**

Federal Rules of Civil Procedure Local Rule 16.08 mandates that certain persons attend a mediation conference in person unless otherwise ordered by the Court or agreed upon by the parties and mediator. For any insured party against whom a claim is made, a representative of the insurance carrier who is not the carrier's outside counsel and who has full authority to settle the claim is a person required under Rule 16.08 to attend the mediation conference. Additionally, all individual parties; or an officer, director, or employee having full authority to settle the claim for a corporate party is required to attend the mediation conference.

In this case, no officer, director, or employee with full settlement authority over any of the three corporate defendants was present. Furthermore, no representative or adjuster of the

insurance carrier (Zurich) with settlement authority was present. In fact, the only person present for the Defendants was their counsel, Duke Highfield. There was no order of the Court or any agreement by the parties or mediator that these required persons need not attend in compliance with Local Rule 16.08.

Federal Rules of Civil Procedure Local Rule 16.09 provides for the payment of costs, fees and expenses when a party does not attend a duly ordered mediation: "If a person fails to attend a duly ordered mediation conference without good cause, the Court may impose sanctions, including, but not limited to, the payment of attorney's fees, mediator fees, and expenses incurred by persons attending the conference, and any other sanction authorized by Rule 37(b) of the Federal Rules of Civil Procedure."

Plaintiffs claim that they are entitled to costs because no party representative and/or insurer representative was physically present at the mediation, the required parties were not excused by the Court, and they did not participate by telephone. Plaintiffs ask this Court to award them $9,784.23 in costs. That total number comes from $525.68 in legal costs, $1,140.00 in mediator fees, and $8,118.56 in Dr. Barnthouse's travel expenses and lost income. Dr. Barnthouse claims that he spent $252.30 on airfare, $45.00 on transportation to and from the Charleston airport, $39.00 on airport parking, $6.67 on meals, and $275.59 on lodging for two nights—for a total of $618.56 in travel expenses. Dr. Barnthouse also claims $7,500 in loss income. This figure is arrived at by taking $12,000 in lost profits for two days and subtracting $4,500 in overhead costs for two days. Dr. Barnthouse claims that he averaged $6,000 per day in services provided/income for the four week period leading up to March 1, 2010. "Consequently, as a direct result of attending the court-ordered mediation, the two days that I missed work cost me $12,000 in lost income. This is a cost that I could not offset because I, as the only physician

in my practice, was not present to see and treat patients, or consult with new patients." Barnthouse Aff. p. 3.

In its memorandum in opposition to Plaintiffs' motion for costs, Defendant argues that Plaintiffs are not entitled to costs because "the facts in the instant matter establish that the technical violation of the Local Rule was the result of a regrettable miscommunication, not bad faith on the part of anyone associated with the Defendants. The adjuster's absence was not a deliberate affront to the Court's authority or the Local Rules, and did not prohibit mediation from going forward. Defense counsel, in conjunction with the adjuster on the telephone, participated in a mutual and good faith negotiations consistent with this Court's Standing Order, ultimately extending what they determined to be their maximum settlement offer. . . . Mediation was not successful because of the differing case valuations of the parties, . . . [and] [b]ecause the absence of the adjuster played no causal role in the failure of the case to settle at mediation, the imposition of sanctions is not warranted." Defs.'s Mem. at 8. Alternatively, Defendants argue that to the extent the Court determines sanctions are warranted, Defendants request a hearing on the reasonableness of Plaintiffs' claimed expenses. Id. (citing *In re Kunstler,* 914 F.2d 505, 523 (4th Cir. 1990)(adopting rule that District Court must "independently analyze the reasonableness of the requested fees and expenses").

Under the circumstances of this case, the Court finds that Plaintiffs are entitled to costs associated with the ordered mediation at which Defendants' corporate representatives and insurer's representative failed to physically appear without prior court approval or consent to appear by telephone. As stated above, "[i]f a person fails to attend a duly ordered mediation conference without good cause, the Court may impose sanctions, including, but not limited to, the payment of attorney's fees, mediator fees, and expenses incurred by persons attending the

conference, and any other sanction authorized by Rule 37(b) of the Federal Rules of Civil Procedure." In this case, Defendants claim that a miscommunication between Defendants' attorney and his legal assistant constitutes good cause for the insurance adjuster's failure to appear at the mediation. Defendants also claim that the adjuster's absence was not the reason for the parties' inability to reach a compromise. Rather, Defendants claim that the insurance agent was available by telephone (even though not court approved). Defendants also claim that the real reason for the unsuccessful mediation was due to the "wildly divergent case valuations held by the two sides and a complete absence of any evidence supporting the level of damages being sought by Dr. Barnthouse." Defs's Mem. at 3. The Court finds that despite the "wildly divergent case valuations held by the two sides," the Defendants failed to produce the physical presence of both corporate and insurance representatives with the authority to settle. Furthermore, the Court finds that miscommunication between an attorney and their assistant does not constitute good cause in this case. Therefore, the Court finds that Plaintiff is entitled to an award to compensate him for costs associated with the mediation. The Court finds that Plaintiffs are entitled to $4,284.24 in costs—consisting of $618.56 in Dr. Barnthouse's travel expenses, $525.68 in legal expenses, $1,140.00 in mediation fees, and $2,000 in lost income.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that Plaintiffs' Motion for Costs is **GRANTED**. **AND IT IS SO ORDERED.**

*PATRICK MICHAEL DUFFY*
United States District Judge

**August 5, 2010**
**Charleston, SC**